# Jeffrey *v.* Pennsylvania Mining Company, Appellant.

*Vendor and vendee—Time as the essence of contract—Officer.*

An agreement for the sale of real estate provided that one half of the purchase money should be paid on a day stated, and the balance in one annual payment. The agreement provided as follows: " It is fully understood by first and second parties that a failure to make any one of said payments at such time as specified in this agreement, or within sixty days after such payment becomes due, shall render this agreement null and void, and it shall not be binding on either party, but shall be a complete surrender and cancelation of said agreement." No offer was made to pay the first installment of the purchase money until nearly a year after the day it was due. *Held,* that the vendor was entitled to a cancelation of the contract.

Argued Oct. 21, 1902. Appeal, No. 75, Oct. T., 1902, by defendant, from decree of C. P. Washington Co., No. 1204, in equity, on bill in equity in case of R. G. Jeffrey v. Pennsylvania Mining Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for the cancelation of a contract to sell real estate.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree canceling the agreement.

*James I. Brownson,* with him *J. W. & A. Donnan* and *John G. MacConnell,* for appellant.

*W. S. Parker* and *Winfield McIlvaine,* for appellee, were not heard.

Per Curiam, November 10, 1902:

The parties to the agreement in this case made the time of the payment of the purchase money of its essence. It was for the sale of real estate, and not an option given by the owner, R. G. Jeffrey. One half of the purchase money was to be paid " on or before the first day of July, A. D. 1900, and the balance in one annual payment with interest from date ; " and there was

a provision that "it is fully understood by first and second parties that a failure to make any one of said payments at such time as specified in this agreement, or within sixty days after such payment becomes due, shall render this agreement null and void, and it shall not be binding on either party, but shall be a complete surrender and cancelation of said agreement." The plaintiff was able, willing and ready to comply with his agreement up to September 1, 1900, but there is neither averment nor proof that A. R. Jeffrey was able, willing and ready to pay. On the contrary there was no offer by any one to pay the first installment of the purchase until June 17, 1901 (nearly a year from July 1, 1900, the day it was due), when the defendant, as assignee of the vendee's rights under the agreement, made such tender. Nothing was disclosed on the trial that in any way impaired the vendor's right to insist upon the cancelation of the agreement in accordance with its terms. His prayer for relief was properly granted and that of the defendant on the cross bill justly denied. What we said about the final decree in Russell v. Stewart et al., ante, p. 211, can be applied to this case.

Decree affirmed at appellant's costs.